IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **THE AKRON BAIL FUND,**<br><br>Plaintiff,<br><br>v.<br><br>**THE CITY OF AKRON,**<br><br>Defendant. | Civil Action No: 5:23-cv-837<br><br>Judge: Fleming<br>Magistrate: Grimes |

### JOINT STIPULATED ORDER

This matter comes before the Court on the parties' Joint Stipulation. The Court, having considered the parties' agreement that the terms of the current Temporary Order (ECF No. 14) be extended through the pendency of this litigation, **ENTERS** the parties' Joint Stipulation as its Order. Accordingly, the Court **ORDERS** the City of Akron as follows:

1. Defendant City of Akron, including its Police Department and any other agency or personnel working at its behest, is restrained from using non- lethal force, including tear gas, pepper spray, flash-bang grenades, rubber bullets, wooden pellets, batons, body slams, pushing or pulling, or kettling, on nonviolent protestors to enforce dispersal orders, traffic laws such as clearing the streets or sidewalks, and/or misdemeanors, that were not committed with actual or imminently threatened physical harm or property destruction or with attempted or actual trespass on private property or secured government buildings/facilities, areas, structures, or critical infrastructure including hospitals and the like, or that impede emergency services vehicles including

ambulances and the like. For purposes of the stipulation, a law enforcement agency that is not under the direction and control of the City of Akron shall not be construed to be working at the behest of the City of Akron.

2. Defendant City of Akron, including its Police Department and any other agency or personnel working at its behest, is required to recognize that, for purposes of this Stipulated Order, "nonviolent protestors" include individuals who are chanting, verbally confronting police, sitting, holding their hands up when approaching police, occupying sidewalks or streets apart from expressways or freeways, and/or passively resisting police orders in connection with the exercise of rights of free speech and association under the First Amendment.

3. Defendant City of Akron, including its Police Department and any other agency or personnel working at its behest, may only enforce dispersal orders, traffic laws such as clearing the streets or sidewalks, and/or misdemeanors in a manner and under the circumstances described in Paragraph 1 against nonviolent protesters, to the extent practicable, through citations or arrests, based on probable cause.

4. Defendant City of Akron, including its Police Department and any other agency or personnel working at its behest, is prohibited from using the infliction of pain to punish or deter "nonviolent protestors" and is directed to avoid infliction of pain on any nonviolent protester when incidental to a use of force necessary to prevent or effectuate an arrest for crimes committed involving the actual or imminent threat of physical harm or property destruction or attempted or actual criminal trespass on private property or secured government buildings/facilities, areas, or structures, and/or when arresting, based on probable cause, an individual who allegedly committed such an offense. For

purposes of this Order and this provision, reasonable incidental contact with individuals in connection with entering into or moving through a crowd to effect an arrest does not constitute the infliction of pain to punish or deter nonviolent protester action and does not violate Paragraph 1 of this Order.

5. Defendant City of Akron, including its Police Department and any other agency or personnel working at its behest, must recognize that individuals legitimately displaying "press," "media," "reporter," "paramedic," "medic," "legal observer," or similar words and/or symbols are permitted to be present in a position enabling them to record at protests and/or to intervene to assist individuals who appear to have been injured so long as their presence does not physically interfere with a lawful arrest, involve entering a closed or cordoned-off crime scene, or physically interfere with medical aid already being rendered by an officer or an EMT/Firefighter, and that all individuals, regardless of their occupation or nonviolent activity, are permitted to record at protests or whenever any police officer interacts with the public.

6. Defendant City of Akron will inform the Summit County Sheriff and the Ohio State Patrol or any other agency that may provide aid of this Stipulated Order.

7. This Stipulated Order will continue in effect through the pendency of this litigation before the Court.

IT IS SO ORDERED.

*Charles Fleming*   4/28/2023
_____
UNITED STATES DISTRICT JUDGE